UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES G.B.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-06810-TLN-CSK<br><br>A# 222-597-409<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Andres G.B.'s[1] ("Petitioner") Amended Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) The matter is fully briefed. (ECF Nos. 8, 9.) For the reasons set forth below, the Petition is GRANTED and the Court orders Petitioner's IMMEDIATE RELEASE.

///

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States with a valid B-1/B-2 visa on March 25, 2019. (ECF No. 1 at 24.) In the time that followed, Petitioner resided in Utah. (*Id.*) He worked in the construction industry and as an estimator, became the owner of a construction company, filed taxes, and applied for an adjustment of status. (*Id.* at 24–25.) Petitioner's fiancée is a United States citizen. (*Id.* at 25.) Petitioner has no criminal record. (*Id.*) Petitioner submits multiple letters of support from his employer, coworker, friends, and fiancée attesting to his good character. (*Id.* at 60, 109–121.)

On July 6, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") while driving his vehicle in West Valley, Utah. (*Id.*) He was not shown a warrant at the time of arrest or provided an explanation of the basis for his arrest. (*Id.*) The government's records confirm Petitioner was placed under arrest without a warrant. (ECF No. 8-1 at 3.) Petitioner was subsequently issued a warrant post-arrest as well as a Notice to Appear. (*Id.*) Petitioner's removal proceedings are currently pending. (ECF No. 1 at 26.) Following his arrest, Petitioner was moved to a detention facility in Wyoming, returned to Utah, and then transferred to the California City Immigration Processing Center. (*Id.* at 25–26.)

On July 27, 2026, an immigration judge ("IJ") denied Petitioner's request for custody redetermination. (ECF No. 8-4 at 6.) The entirety of the IJ's explanation is: "Denied, because flight risk." (*Id.*) Petitioner appealed to the Board of Immigration Appeals ("BIA"). (ECF No. 1 at 29–50.) On August 17, 2026, the IJ issued a memorandum "to facilitate review of [Petitioner's] appeal." (ECF No. 8-5 at 1.) Petitioner's appeal to the BIA remains unresolved. (ECF No. 8 at 3.)

On August 25, 2026, Petitioner filed the instant Petition challenging the lawfulness of his civil immigration detention and seeking immediate release. (ECF No. 1 at 9–21.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his civil immigration detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause. (ECF No. 1 at 7–9.) In opposition, Respondents argue Petitioner is lawfully detained as he has received the process he is due under 8 U.S.C. § 1226(a) ("§ 1226(a)").[2] (ECF No. 7 at 3–4.)

### A. Immigration and Nationality Act

The parties agree Petitioner's detention is governed by § 1226(a). A noncitizen may be arrested and detained under § 1226(a) only "on a warrant issued by the Attorney General . . . pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a).") (emphasis in original). The plain language of the

[2] Respondents also argue the Petition should be dismissed for failure to exhaust administrative remedies as Petitioner's appeal to the BIA is still pending. (ECF No. 8 at 2–3.) After considering the factors articulated in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), the Court finds prudential exhaustion is not required here. First, an administrative appellate record is not necessary to reach a proper decision on Petitioner's constitutional or statutory claims. Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege "colorable" challenges. *Hernandez*, 872 F.3d at 989 (*citing Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 1991)). Finally, the Court finds it unlikely that the agency will correct its own mistake upon further review. The Court notes Petitioner's BIA appeal has been pending for over two months and there is no indication on the record that it will be resolved in the near future. The Court will not further delay vindication of Petitioner's constitutional and statutory rights.

statute thus authorizes discretionary detention under § 1226(a) only on a warrant and only if removal proceedings are "pending." *See Loaeza v. Bausch*, No. 26-CV-00945-MAV, 2026 WL 2150155, at *1 (W.D.N.Y. July 27, 2026) (similarly noting that "as a matter of pure statutory law, Respondents only have the authority to arrest and detain a noncitizen under § 1226(a) if removal proceedings against the noncitizen are "pending."). The INA's implementing regulations confirm this. *See* 8 C.F.R. § 235.1(b)(1) ("*At the time of issuance* of the notice to appear, *or at any time thereafter and up to the time removal proceedings are completed*, the [noncitizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." (emphasis added)).

Here, the government's records explicitly state that Petitioner was arrested without a warrant. (ECF No. 8-1 at 3 ("[Petitioner] was placed under arrest without an administrative warrant; however, a supervised executed an administrative warrant post-arrest.").) Respondents do not claim a warrantless exception applies here. *See* 8 U.S.C. § 1357(a)(2). The record also indicates Petitioner was detained before commencement of removal proceedings. (ECF No. 8-1 at 3 (noting the disposition from Petitioner's arrest was issuance of a Notice to Appear).) Petitioner's initial arrest and detention were therefore done in violation of § 1226(a) and its implement regulations. The subsequent custody redetermination hearing provided to Petitioner over a month after he was detained does not cure the deprivation of liberty that was unlawful from its inception. Accordingly, the Court finds Petitioner's detention violates the INA.

B. <u>Due Process Clause</u>

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there

exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Petitioner lawfully entered the United States over seven years ago and, in that time, he worked, got engaged, and applied for adjustment of status. The amount of time Petitioner spent living freely in this country and the life he appears to have built in that time create a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

C. Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors

support Petitioner's right to notice and a constitutionally compliant hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," *Hernandez*, 872 F.3d at 990, the IJ's decision to deny Petitioner's request for custody redetermination solely on the basis of flight risk does not pass constitutional muster. For Petitioner's detention to be justified by reason of flight risk, there must be some consideration of whether any bond amount or alternative release conditions could ensure Petitioner's appearance at future immigration proceedings. *See Hernandez*, 872 F.3d at 990–91; *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1088 (N.D. Cal. 2024) ("If alternatives can mitigate risks and protect the government's interests, then detention (instead of one of those alternatives) is excessive in relation to those interests and unconstitutionally punitive."). Neither the IJ's original one-sentence bond denial order, nor the IJ's subsequent memorandum, reflect consideration of whether any bond amount or alternative release conditions could ensure Petitioner's appearance at future immigration proceedings. (*See generally* ECF Nos. 8-4, 8-5.) Under these circumstances, the Court finds Petitioner has not been provided adequate due process to ensure the deprivation of his liberty is justified. *See*, *e.g.*, *Huang, v. Blanche*, No. 2:26-CV-02157-BAT, 2026 WL 2271901, at *8 (W.D. Wash. July 15, 2026) (finding IJ abused his discretion and violated the Fifth Amendment in failing to consider alternative conditions that might mitigate flight risk). The risk that Petitioner has been erroneously deprived of his liberty is therefore high.

As to the final *Mathews* factor, the government's interest in detaining Petitioner without notice or a proper bond hearing is low. The effort and cost required to provide Petitioner

procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody hearings are routine processes for Respondents, and any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents set forth no legitimate interest in detaining Petitioner without these processes.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a constitutionally compliant hearing before a neutral decisionmaker to determine whether his detention was justified. He received neither. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Andres G.B. (A# 222-597-409) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's motion for temporary restraining order (ECF No. 2) and motion to expedite (ECF No. 10) are DENIED as moot.

4. **The Clerk of Court is directed to serve California City Detention Center with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

**DATED: October 22, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE